IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD MORAN, #61240-097      * | |
| Petitioner | |
| v.            * | CIVIL ACTION NO. AMD-05-3320 |
| LISA HOLLINGSWORTH, WARDEN   * | |
| Respondent | |
| *** | |

MEMORANDUM

The allegations of the instant petition are not complicated. Petitioner, a U.S. Bureau of Prisons ("BOP") inmate,[1] claims that he has asked staff at the Federal Correctional Institution-Cumberland ("FCI-Cumberland") for a $500.00 release gratuity as provided for under 18 U.S.C. § 3624(d)(2).[2]  He states, however, that prison staff informed him that he "would be fortunate to received as much as $25.00."[3]  Petitioner states that FCI-Cumberland staff are "being inconsistent with what is right and proper" in that it is morally wrong to release him from a prison in Maryland to California with minimal funds in his pocket.  He asserts that the statutory intention is to ensure that the gratuity is sufficient to help the released inmate live and work on the outside without having to ask for handouts from the public.

As petitioner seeks to compel federal prison staff to take action, the complaint has been construed as a 28 U.S.C. § 1361 mandamus petition.  The petition, however, shall be summarily dismissed.  Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action

---

[1] According to the federal court docket, petitioner is serving a 57-month sentence for felon in possession of a firearm, in violation of 18 U.S.C. § 922(G)(1).

[2] Petitioner provided an itemized list of costs which he will encounter upon his release.  Paper No. 1.  These fees relate to motor vehicle, travel, eating, and miscellaneous expenses.

[3] Petitioner asserts that he will be released from FCI-Cumberland with one set of clothes, a one-way airline ticket to California, and no more than $25.00.

in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. Mandamus is a drastic remedy to be utilized only in extraordinary circumstances. *See Kerr v. United States*, 426 U.S.394, 402 (1976); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).

In order to meet the requirements for mandamus relief, petitioner must show that: (1) he has the clear legal right to the relief sought; (2) respondent has a clear legal duty to do the particular act requested; (3) the act requested is an official act or duty; and (4) no other adequate remedy is available. *See U.S. ex rel. Rahman v. Oncology Associates, P.C.*, 198 F.3d 502, 511 (4th Cir. 1999). The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361.[4] *See Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998); *National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary acts or duties of federal officers; mandamus will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

The court finds that petitioner has failed to meet the above-established criteria. *See Byers v. Belaski*, 1995 WL 736272 (10th Cir. 1995); *Echols v. Crabtree*, 1992 WL 176403 (D. Or. 1992) (provision of 18 U.S.C. § 3624(d)(2) does not support claim that failing to grant prisoner monies is

---

[4]The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

a clear violation of the law and civil rights). Moreover, it is clear that under § 3624(d),[5] the decisions by BOP staff regarding the amount of release gratuities are discretionary. The decision to provide petitioner a ticket for cross-country airline travel and minimum release gratuities to cover his expenses en route from Cumberland, Maryland, to California does not violate statutory or constitutional dictates.[6]

For the above reasons, the instant matter, construed as a petition for writ of mandamus, shall be dismissed. A separate Order follows.


Filed: December 23, 2005             _/s/_____
                                     Andre M. Davis
                                     United States District Judge

---

[5]Title 18, U.S.C. § 3624(d) states, in part, that "[u]pon the release of a prisoner on the expiration of his term of imprisonment, the Bureau of Prisons shall furnish him with . . . (2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished." Thus, Congress provided the BOP with the authority not only to provide a release gratuity up to $500.00, but also to determine how much money the inmate needs and whether the inmate should be provided any release gratuity at all. In addition, 28 C.F.R. § 545.11(d)(9), provides that a BOP inmate will not receive a release gratuity if he or she is a non-participant in the Inmate Financial Responsibility Program unless otherwise approved by the warden. This regulation provides further evidence that the authority whether to provide a release gratuity is left to the discretion of the BOP.

[6]Moreover, petitioner clearly has alternative means of attaining the relief he seeks. It is clear that the BOP's four step process for resolution of prisoner complaints could be used to resolve the underlying dispute concerning the amount of his release gratuity. *See* 28 C.F.R. §542.10 and §542.12.